■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EZELL LEWIS, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered May 22, 1973, convicting him of manslaughter in the first degree, upon his plea of guilty, and imposing sentence. By order dated October 14, 1975 this court remitted the case to the Criminal Term for a hearing and a new determination on defendant's motion to dismiss the indictment on the ground that he was denied a speedy trial and directed that the appeal be held in abeyance in the interim (People v Lewis, 49 AD2d 912). The hearing has been held and the Criminal Term has rendered a decision denying the motion. Judgment affirmed. No opinion. Hopkins, Acting P. J., Martuscello, Cohalan, Rabin and Titone, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEANETTE LEWIS, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered September 11, 1974, convicting her of attempted possession of weapons, etc., as a felony, upon her plea of guilty, and imposing sentence. The appeal also brings up for review the denial of defendant's motion to suppress physical evidence. Judgment reversed, on the law and the facts, motion granted, and indictment dismissed. There having been no exigent circumstances to warrant the police officer's search of the defendant, unpreceded by any preliminary questioning, the gun found on her person should have been suppressed (see People v De Bour, 40 NY2d 210; People v Sanchez, 38 NY2d 72; People v Trapier, 47 AD2d 481). Hopkins, Acting P. J., Martuscello, Cohalan, Rabin and Titone, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL ODOM, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered July 17, 1974, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence. Judgment modified, as a matter of discretion in the interest of justice, by reducing the sentence from an indeterminate prison term with a maximum of 25 years to an indeterminate prison term with a maximum of 15 years. As so modified, judgment affirmed. The sentence was excessive to the extent indicated herein. Cohalan, Acting P. J., Margett, Damiani, Rabin and Hawkins, JJ., concur.